WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bartlett Elliott,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Arizona Department of Motor Vehicles,<br><br>　　　　　Defendant. | No. CV-12-08153-PCT-JAT<br><br>**ORDER** |

  Pending before the Court are: (1) Defendant's Motion to Dismiss (Doc. 7) and (2) Plaintiff's Motion to Strike Defendant's Motion to Dismiss (Doc. 8). The Court now rules on the Motions.

  On July 31, 2012, Plaintiff filed a Complaint in this Court. In his Complaint, Plaintiff alleges that he is unable to obtain a driver's license in the State of New Mexico based on motor vehicle citations he received in the State of Arizona. (Doc. 1). Plaintiff alleges that this is a violation of his rights "under the U.S. Constitution, Bill of Rights, and Declaration of Independence." (*Id.* at 2). Plaintiff alleges that, while he recognizes that driving is a privilege, he has the right to purchase groceries and other necessities of life and he cannot do so without a license to drive. (*Id.*). Plaintiff alleges that he seeks to learn what the "State of Arizona's Motor Vehicle Division [has] to do with New Mexico's Motor Vehicle Division." (*Id.*). Plaintiff states that, to him, "that is invading [his] constitutional rights. (*Id.*).

  As relief, Plaintiff seeks $1,000,000.00 "for this dictatorial license invasion of another state's motor vehicle[] provisions (authority), and for the ensuing mental anguish

and loss of use." (*Id.* at 3).

Defendant now moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not file a Response to the Motion to Dismiss, but rather filed a "Motion to Strike" the Motion to Dismiss. The Motion to Strike simply responds to the arguments in the Motion to Dismiss and does not provide any basis for the Court to strike the Motion to Dismiss. Accordingly, Plaintiff's Motion to Strike is denied. The Court will nonetheless consider the Motion to Strike (Doc. 8) and the Reply in Support of the Motion to Strike (Doc. 10) to be Plaintiff's response to the Motion to Dismiss.

Defendant moves to dismiss because it is a non-jural entity that does not have the capacity to sue or be sued. "Governmental entities have no inherent power and possess only those powers and duties delegated to them by their enabling statutes. Thus, a governmental entity may be sued only if the legislature has so provided." *Braillard v. Maricopa County*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010) (internal citation omitted). Defendant argues that no Arizona statute confers the power on the Arizona Department of Transportation or the Motor Vehicles Division of the Arizona Department of Transportation to sue or be sued. Plaintiff did not respond to this argument. Accordingly, Defendant Arizona Department of Motor Vehicles will be dismissed because it is a non-jural entity.

Defendant further argues that, even if Plaintiff named the State of Arizona as a Defendant, Plaintiff's claims fail because the Eleventh Amendment bars such a suit, Plaintiff has not pled any cause of action that would subject the State to suit pursuant to 28 U.S.C. section 1983, and Plaintiff has not complied with Arizona's Notice of Claim requirements pursuant to Arizona Revised Statutes section 12-821.01.

In response, Plaintiff argues that "[u]nder the U.S. Constitution, Plaintiff has the right to life, liberty, and pursuit of happiness, that being allowed to navigate (drive a vehicle) to obtain the necessities of life." (Doc. 8).

The Court may dismiss a complaint for failure to state a claim under Federal Rule

1. of Civil Procedure 12(b)(6) for two reasons: (1) lack of a cognizable legal theory; or (2)
2. insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police*
3. *Dep't*, 901 F.2d 696, 699 (9th Cir.1990).  To survive a 12(b)(6) motion for failure to state
4. a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure
5. 8(a)(2).  In this case, Plaintiff has failed to articulate any cognizable legal theory.  As
6. such, Plaintiff has failed to state a claim upon which relief can be granted and the Court
7. will not address Defendant's other arguments.

Plaintiff has not requested leave to amend and has not amended as a matter of right pursuant to Federal Rule of Civil Procedure 15.  *See Lacey v. Maricopa County*, 693 F.3d 896, 926-27 (9th Cir. 2012) (citing prior precedent that courts must grant leave to amend sua sponte unless a pleading could not possibly be cured by the allegation of other facts and that, under the old version of Federal Rule of Civil Procedure 15, parties had leave to amend as of right even upon dismissal prior to the filing of an answer, then noting that under the current version of Rule 15 "parties have 21 days from both responsive pleadings and motions to dismiss to amend as of right, so the situation has changed.") (internal citations omitted).  Further, the Court finds that granting Plaintiff leave to amend would be futile.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion to Strike Defendant's Motion to Dismiss (Doc. 8) is denied.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 7) is granted.  The Clerk of the Court shall enter judgment accordingly.

Dated this 18th day of March, 2013.

James A. Teilborg
Senior United States District Judge